IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60015
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GARY D. WILLIAMS,
also known as Gay Bird,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:97-CR-100-ALL-S
- - - - - - - - - -

April 16, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Gary D. Williams appeals his sentence following his guilty

plea to possession of a firearm by a felon.  Williams argues that

the district court erred in failing to resolve disputed facts

relevant to sentencing; in calculating his criminal history

category; and in failing to grant a downward departure.

     Williams has waived his first argument because his appellate

brief does not identify the allegedly unresolved disputed factual

issues.  Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993);

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

FED. R. APP. P. 28(a)(6). We need not address Williams's claim that he should not have been assessed a criminal history point for an October 1987 conviction for simple assault because we find that this argument does not affect the correctness Williams's sentencing range under the guidelines. See Williams v. United States, 503 U.S. 193, 203 (1992). This court lacks jurisdiction to review Williams's argument that the district court erred by failing to depart downward because Williams allegedly helped to save the life of another inmate. Appellate jurisdiction exists only if the sentencing court's refusal to depart downward was the result of legal error or a misapplication of the Guidelines. United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995).

AFFIRMED IN PART AND DISMISSED IN PART.